UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN KENNY, et al., | Case No. 2:15-CV-410 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| TRADE SHOW FABRICATIONS WEST, INC., et al., | |
| Defendant(s). | |

Presently before the court is Defendant Glenn Levy's motion to dismiss (Doc. #8). Plaintiffs Bryan Kenny and Gerard Azoulay filed a response in opposition (doc. #13), and defendant filed his reply. (Doc. #18)

**I.     Background**

The instant action arises out of a dispute concerning whether plaintiffs were fully compensated for the work they performed for defendants Trade Show Fabrications West ("TSFW"), Inc, Ron Suissa, and Glenn Levy. (Doc. #1)  Plaintiffs claim that they were hired as employees of TSFW and were to be compensated in the form of a fixed salary plus a percentage commission for all jobs sold for TSFW. Plaintiff Kenny agreed to work for a salary of $100,000.00 per year plus a commission of 5% or 10% of jobs sold, and Azoulay agreed to work for a salary of $193,247.60 per year plus a commission of 5% or 10% of jobs sold. (*Id.*)

Plaintiffs' respective salaries were paid; however, their commission claims were not. (Id.). In addition to filing suit against TSFW, plaintiffs have also made claims against Ron Suissa and Glenn Levy, owners and officers of TSFW. Defendant Suissa is the president of TSFW, and defendant Levy is its secretary and treasurer. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Prior to commencing this action, plaintiffs brought a claim for unpaid wages and violations of NRS Chapter 608 against TSFW before the Office of the Labor Commissioner. (Doc. #8, Exh. C). Plaintiffs did not name either Levy or Suissa as defendants to that action. TSFW did not respond to the complaints, and thus the labor commissioner issued summary judgment in plaintiffs' favor. (*Id.*)

Plaintiffs then filed an application for judgment against TSFW in the Eighth Judicial District Court pursuant to NRS Chapter 353C. NRS 353C.160 states, in relevant part, that "the court clerk, upon the filing of an application for the entry of summary judgment which complies with the requirements set forth in NRS 353C.150, shall forthwith enter a judgment against the debtor in the amount of the debt, plus any penalties and interest, as set forth in the certificate." Judgment was entered accordingly. (Doc. #8, Exh. G).

In the instant action, plaintiffs have set forth four (4) causes of action against Levy and the other defendants: (1) violation of the Fair Labor Standards Act; (2) violations of NRS 608.016, 608.040, and 608.190; (3) fraud; and (4) conversion. (Doc. # 1.)

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.

Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

#### a. FLSA employer

Plaintiffs name Levy, Suissa, and Trade Show Fabrications West, Inc. as defendants in their FLSA claim. Under the FLSA, however, only an "employer" is liable for unpaid overtime wages.

The term "employer" is defined broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes . . . anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). " [T]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial

**James C. Mahan**
**U.S. District Judge**

1  purposes." *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (internal citations and quotations
2  omitted). "
3  "Where an individual exercises control over the nature and structure of the employment
4  relationship, or the economic control over the relationship, that individual is an employer within
5  the meaning of the Act, and is subject to liability." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th
6  Cir. 1999). When determining whether an employer under the FLSA, or an individual that meets
7  the employer definition under the FLSA, meets the "economic realities" test, the court should
8  consider the following relevant factors: (1) the power to hire and fire employees; (2) supervision
9  and control of employee work schedules or conditions of employment; (3) power to determine the
10 rate and method of payment; and, (4) responsibility to maintain employment records. *See Hale v.*
11 *State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993).
12 No one factor is dispositive. Evaluation of the relationship as a whole depends on the
13 totality of the circumstances. *Id.* Finally, "[i]n cases where courts have found corporate officers
14 and board members liable as employers, the individuals had at least some degree of involvement
15 in supervising employees, controlling work schedules, and setting wages." *Lopez v. G.A.T. Airline*
16 *Ground Support, Inc.*, No. 09- cv-2268-IEG-BGS, 2010 WL 2839417, at *9 (S.D. Cal. July 19,
17 2010).
18 Plaintiffs' complaint states that "Glenn Levy was at all relevant times herein Plaintiffs'
19 employer . . . as he is the Secretary and Treasurer and has an ownership interest in Tradeshow
20 Fabrications West, Inc. Defendant exercised control over the structure of Plaintiff's employment
21 relationship, exercised economic control over the employment relationship, and is subject to
22 individual liability." (Doc. #1).
23 Plaintiffs do not allege any facts showing how defendant exercised control over the
24 employment relationship. There are no facts to suggest that defendant had the power to hire or fire
25 employees, determine when or how much plaintiffs would be paid, maintained employment
26 records, oversaw day-to-day operations at the company, or was the qualifying individual on
27 contractor licenses. *See, e.g.*, *Buenaventura et al v. Walldesign, Inc. et al*, No.
28 2:11-cv-01374-JCM-CWH (D. Nev. June 19, 2012).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Because plaintiffs fail to provide facts to illustrate the extent of defendant's supervisory responsibilities, they do not sufficiently demonstrate that he was their employer for the purposes of FLSA. *See Twombly,* 550 U.S. at 555 (emphasizing that "labels and conclusions" are insufficient to survive a motion to dismiss under Rule 12(b)(6)). In the absence of any factual allegations showing that defendant was plaintiff's "employer," their conclusory allegation of an economic relationship is insufficient to state a claim against him for failure to pay overtime wages. *See id.* at 557.

The court dismisses plaintiffs' FLSA claim without prejudice; plaintiffs may amend their complaint accordingly.

   *b. NRS Chapter 608*

Plaintiffs next claim that defendant violated NRS Chapter 608 for their failure to pay lawful wages to plaintiffs including paying plaintiff owed and promised commission payments in violation of NRS 608.005 *et. seq.* (Doc. #1). Defendant argues that plaintiffs fail to establish that defendant was plaintiffs' employer for the purposes of NRS Chapter 608. Furthermore, the sections of NRS that defendant allegedly violated do not confer a private cause of action. Defendants chose not respond to these claims in their response brief.

*Baldonado v. Wynn Las Vegas, LL* held that plaintiffs have no private right of action to enforce the statutes under NRS Chapter 608. 124 Nev. 951, 956, 194 P.3d 96 (2008). The labor commissioner is charged with enforcing these specified statutes, and appellants must follow "the administrative process" before seeking relief. *Id*. Therefore, the court dismisses plaintiffs' second claim for relief with prejudice.

   *c. Fraud*

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id. Furthermore,* Rule 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (quoting *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks omitted)). Every transaction alleged to be fraudulent does not have to be detailed in the complaint. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997),

Under Nevada law, the elements of fraud are (1) a false representation made by the defendant; (2) knowledge or belief that the representation was false or that defendant had an insufficient basis of information for making the representation; (3) intent to induce plaintiff to act or refrain from acting upon the misrepresentation; (4) damage to the plaintiff as a result. *Bulbman Inc., v, Nevada Bell*, 108 Nev. 105, 110-11, 825 P.2d 588, 592 (1992).

Defendant asserts that the plaintiffs' allegations are not specific enough to determine what he allegedly said or did that constituted misrepresentation. (Doc. #8). The complaint does not identify the particular representations at issue; it does not specify when or where the alleged representations were made; and it does not specifically name the individuals who made the representations. Indeed, the compliant effectively recites the elements for fraud and claims that defendants all "falsely represented to Plaintiffs that Plaintiff would receive an amount on the total of the commission payments due and owing." (Doc. #1).

Plaintiffs claim that at the time the statements were made, defendants never intended to provide plaintiffs with their commission payments. They state this is evidenced by "the fact that Trade Show Fabrications West, Inc. was likely going under at the time Defendants, including Levy, made false representations and Levy knew the commissions would never be paid to the Plaintiffs." (Doc. #13). None of that information is detailed in the complaint. There was no mention that Trade Show was on the verge of bankruptcy or that defendants knew that at the time plaintiffs were hired.

**James C. Mahan**
**U.S. District Judge**

- 6 -

Consequently, the court agrees with defendant. The complaint groups multiple defendants together and fails to detail which defendants made which fraudulent statements and what statements were made. The complaint lacks particularized allegations detailing how the alleged statements regarding the payment of the commissions were false at the time they were made. *See In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 876 (9th Cir. 2012); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd,* 642 F.3d 1207, 1216 (9th Cir. 2011).

Plaintiffs' claim for fraud is therefore dismissed without prejudice; plaintiffs may amend their complaint accordingly.

   *d.   Conversion*

To state a claim for conversion, plaintiffs must set forth facts establishing "[1] a distinct act of dominion wrongfully exerted over another's personal property; [2] in denial of, or inconsistent with his title or rights therein or [3] in derogation, exclusion, or defiance of such title or rights." *See Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 5 P.3d 1043, 1048 (2000).

Neither party cites a case that expressly relies upon a conversion claim to recover unpaid compensation. Plaintiffs point to California case law that has found that conversion claims may be based upon a failure to pay wages, and suggest that Nevada may be inclined to do the same. *See, e.g.*, *Sims v. AT&T Mobility Servs.,* LLC, 955 F.Supp. 2d. 1110, 1119-1120 (E.D. Cal. 2013); *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 236 P.3d 346 (Cal. 2010). Defendant, on the other hand, cites to case law suggesting that because plaintiffs' and defendants' relationship was contractual in nature, the allegations, if true, would amount to a breach of contract rather than the tort of conversion. (Doc. #8).

Defendant's argument appears to be rooted in Nevada's economic loss doctrine. In *Terracon Consultants Western v. Mandalay Resort Group* the Nevada Supreme Court held that economic loss is "'the loss of the benefit of the user's bargain . . . including . . . pecuniary damage for inadequate value, the cost of repair and replacement of [a] defective product, or consequent loss of profits….'" 206 P.3d 81, 83 (2009). "[T]he doctrine generally provides that purely economic

James C. Mahan
U.S. District Judge

- 7 -

losses are not recoverable in tort absent personal injury or property damage . . . ." *Id.* at 87. The purpose of the doctrine is to "'mark the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby [generally] encourages citizens to avoid causing physical harm to others.'" *Id.* at 86.

Absent direction to the contrary from Nevada state courts, a claim for conversion rooted in defendants' failure to make payment pursuant to contract between the parties contravenes the purpose of the economic loss doctrine, and is therefore barred.

The court dismisses plaintiffs' claim for conversion with prejudice.

   *e. Roe and Doe pleading*

Defendant requests that the court dismiss Roe and Doe defendants from this action. "Pleading fictitious Doe defendants is improper in federal court." *State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-CV-01541-RCJRJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009) (citing *Turner v. County of Los Angeles,* 18 Fed. App'x 592, 596 (9th Cir. 2001) ("As a general rule, the use of Doe pleading is disfavored in federal court.")); *Graziose v. American Home Products Corp.,* 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings. This in no way precludes a party's right, upon learning of the participation of additional parties, to seek to amend the complaint (or answer) and have the amendment relate back in time to the original filing if the circumstances justify it.").

Therefore, the court dismisses claims against Doe and Roe defendants.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Glenn Levy's motion to dismiss (doc. # 8) is GRANTED consistently with the foregoing.

DATED February 18 2016.

                _/s/ James C. Mahan_
                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -